IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LANNY BART JARVIS,<br><br>  Plaintiff,<br><br>vs.<br><br>JOHN E. POTTER, Postmaster General, UNITED STATES POSTAL SERVICE,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION<br><br><br><br>Case No. 2:04-CV-778 TS |

This matter comes before the Court on Defendant's Motion to Reconsider.[1] For the reasons discussed below, the motion will be granted with respect to the jurisdictional issue and denied with respect to the remaining issues.

I.      Factual History

Plaintiff Jarvis ("Plaintiff") is a disabled veteran who was employed by the United States Postal Service. Defendant John E. Potter ("Defendant") is Postmaster General of the United States of America. Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD"), causing him to be very jumpy and to react violently when startled. Plaintiff alleges he requested a reasonable

---

[1]Docket No. 40.

1

accommodation for his disability, which he asserts was not granted.  Plaintiff's co-workers targeted him for harassment, startling him and causing him great distress.  Plaintiff was involved in several incidents where he reacted violently to the actions of his co-workers.  After one such incident, an investigation was made and Mr. Jarvis was placed on administrative leave.  Plaintiff requested that he be allowed to retire, but before he could do so, he was terminated.

  II.   Procedural Background

  Plaintiff filed his Complaint on August 24, 2004, asserting two causes of actions: 1) failure to accommodate; and 2) retaliation.[2]  The case proceeded through discovery, Defendant filed a timely summary judgment motion, and the motions deadline passed.  On February 16, 2006, Judge Campbell granted summary judgment to Defendant,[3] and Plaintiff appealed.  The Tenth Circuit affirmed in part and remanded for further proceedings on two issues related to Mr. Potter's retaliation claims: 1) the Postal Service's denial of pay or access to his accrued leave while Mr. Potter was on administrative leave; and 2) the Postal Service's decision to terminate him rather than allow him to take disability retirement.

  During a scheduling conference call with this Court, Defendant requested the opportunity to file a motion for summary judgment on the remaining issues.  This Court denied that request because the motions deadline had long passed.  A five-day trial is set for April 21, 2008, with a final pretrial conference set for April 10, 2008.

  Defendant filed its Motion to Reconsider that denial.  Shortly after that motion was fully briefed, Defendant filed a second summary judgment motion without obtaining leave.  Defendant

---

[2]Docket No. 1.

[3]Docket No. 24.  A written order followed on March 17, 2006 (Docket No. 25).

argued that this motion was contingent upon the Court's granting the motion to reconsider. The second summary judgment motion raises several new issues, including a jurisdictional question with respect to the retaliation claim.

III.   Discussion

"Subject matter jurisdiction is an Art. III requirement . . . A party does not waive the requirement by failing to challenge jurisdiction early in the proceedings."[4] "In the Tenth Circuit, administrative exhaustion is a jurisdictional prerequisite to suit under 42 U.S.C. § 2000e-16."[5]

Defendant asserts in its second motion that Plaintiff did not exhaust his administrative remedies with respect to his claims for retaliation for his May 2003 accommodation request. The Court finds that because administrative exhaustion is a jurisdictional prerequisite, a jurisdictional challenge is non-waivable, and the Tenth Circuit has remanded on the retaliation claim, Defendant may raise that issue at this juncture.

The Court grants Defendant's motion for reconsideration with respect to the jurisdictional issue and denies it with respect to the other issues raised. The Court will consider Defendant's motion on the narrow issue of subject matter jurisdiction. Plaintiff is to file an opposition brief within 20 days after the date of this order, and Defendant is to file a reply within 10 days after filing of the opposition, so that this issue may be dealt with prior to trial. It is therefore

ORDERED that Defendant's Motion for Reconsideration (Docket No. 40) is granted in part and denied in part.

---

[4] *San Juan County, Ut. v. U.S.*, 503 F.3d 1163, 1212 (citing *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal quotations omitted)).

[5] *Knopp v. Magaw*, 9 F.3d 1478, 1479 (10th Cir. 1993) (quoting *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980) (internal quotations omitted)).

DATED   March 6, 2008.

                    BY THE COURT:

                    _____
                    TED STEWART
                    United States District Judge